NO.
12-06-00328-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          APPEAL
FROM THE 402ND

IN THE INTEREST OF       

M.A.H. AND S.J.B.,  §          JUDICIAL
DISTRICT COURT OF

MINOR CHILDREN

§          WOOD
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER CURIAM

            This appeal is being dismissed for
want of jurisdiction.  See Tex. R. App. P. 42.3(a).  On June 21, 2006, the trial court signed
an order in a suit to modify the parent-child relationship.  Appellant, acting pro se, filed a notice of
appeal on July 26, 2006 with the Wood County District Clerk.  The notice of appeal did not designate the
court of appeals to which Appellant sought to appeal.  The District Clerk forwarded the notice of
appeal to the Sixth Court of Appeals in Texarkana.  

            On September
20, 2006, after retaining counsel, Appellant filed an amended notice of appeal
in which she stated her desire to appeal the trial court’s order to this
Court.  On the same date, this Court
notified Appellant, pursuant to Texas Rule of Appellate Procedure 37.1, that
the amended notice of appeal does not show the jurisdiction of this Court
because the appeal has been perfected to the Sixth Court of Appeals in
Texarkana.  Appellant was further
notified that unless the information received in this appeal was amended on or
before October 2, 2006 to show the jurisdiction of this Court, the appeal would
be dismissed.  Appellant has not
responded to our notice or amended the information in this appeal.

            Wood County,
the county from which this appeal originated, lies in two different appellate
districts.  Tex. Gov’t Code Ann. § 22.201(g), (m) (Vernon Supp.
2006).  Appeals from Wood County may be
taken either to the Sixth or the Twelfth Court of Appeals at the option of the
appellant.  See Miles v. Ford Motor
Co., 914 S.W.2d 135, 137-38 n.4 (Tex. 1995).  Jurisdiction lies in the appellate court
where the appeal is first perfected.  Id.
at 138.  

            Here,
Appellant did not designate the court to which she sought to appeal.  Consequently, the Wood County District Clerk
forwarded the notice of appeal to the Sixth Court of Appeals.  Therefore, jurisdiction lies solely in the
Sixth Court of Appeals.  See id.  We recognize that Texas Rule of Appellate
Procedure 25.1(f) permits an appellant to amend a notice of appeal “to correct
a defect or omission in an earlier filed notice.”  We are also mindful that no interference with
the “previously attached jurisdiction of another court of co-ordinate power” is
permissible under law.  Id.  Because the Sixth Court of Appeals has
jurisdiction of this appeal, Appellant cannot invoke the jurisdiction of this
Court by amending her notice of appeal. 
Accordingly, this appeal is dismissed for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).

Opinion delivered October 18,
2006.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

(PUBLISH)